# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

| | |
|---|---|
| **ANDREW MARTIN**, on behalf of himself and all others similarly situated, | Civil Case No.: <u>3:22CV176-SA-JMV</u> |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| **KHAYLIE HAZEL YEARNING LLC,** | |
| Defendant. | |

## INTRODUCTION

1.      This action arises out of Defendant, Khaylie Hazel Yearning LLC's ("Defendant"), practice of advertising via unsolicited text message marketing to individuals on the National Do-Not-Call Registry without prior express written consent (or any consent whatsoever), in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2.      Plaintiff has done no business with Defendant and has never provided Defendant prior express written consent to send telemarketing text messages to his telephone number.

3.      Plaintiff's telephone number was registered on the National Do-Not-Call Registry at the time of the text messages.

4.      Accordingly, Plaintiff brings this TCPA action on behalf of himself and two classes of similarly situated individuals under 47 U.S.C. § 227(c); 47 C.F.R. §§ 64.1200(c)(1) and (c)(2).

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

6.      This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a), because it is so closely related to the federal claim that they form a single case or

controversy.

7.    The Court has jurisdiction over Defendant because Defendant conducts business transactions in this District, is located in this District and has committed tortious acts in this District.

8.    Venue is proper in this District because Defendant conducts significant amounts of business transactions within this District and because some of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

<u>**PARTIES**</u>

9.    Plaintiff Andrew Martin is, and at all times mentioned herein was, a citizen and resident of Cypress, Texas.

10.    Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

11.    Defendant is, and at all times mentioned herein was, a Mississippi limited liability company with a principal office address of 3686 Harleigh Run Drive, Southhaven, Mississippi 38672.

12.    Defendant may be served via its registered agent InCorp Services, Inc. located at 302 Enterprise Drive, Suite A, Oxford, Mississippi 38655.

13.    Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

<u>**GENERAL FACTUAL ALLEGATIONS**</u>

14.    Defendant, or someone acting on its behalf and at its direction, sends automated text messages marketing its CBD Oil Products.

15.    These text messages come from changing 10-digit numbers, but all follow the same

2

pattern: they all contain a link that, when clicked, redirects through multiple websites that ultimately terminate at "www.elitepowercbd.com."

16. The website "www.elitepowercbd.com" is registered[1] to Defendant, Khaylie Hazel Yearning LLC:

| Domain Information | | | Registrant Contact | |
| --- | --- | --- | --- | --- |
| Domain: | elitepowercbd.com | | Name: | Keshia Merritt |
| Registrar: | NameCheap, Inc. | | Organization: | Khaylie Hazel Yearning LLC |
| Registered On: | 2021-10-25 | | Street: | 6515 Goodman Rd Ste 4 #234 |
| Expires On: | 2022-10-25 | | City: | Olive Branch |
| Updated On: | 2022-01-25 | | State: | MS |
| Status: | clientHold clientTransferProhibited | | Postal Code: | 38654 |
| | | | Country: | US |
| Name Servers: | jerome.ns.cloudflare.com lorna.ns.cloudflare.com | | Phone: | +44.2036676090 |
| | | | Email: | admin@elitepowercbd.com |

17. Because each of these text messages were advertising Defendant's products, available via Defendant's website, they constitute telemarketing messages and telephone solicitations.

18. These text messages do not include a customary opt-out mechanism or instructions to have the text messages cease, such as texting back "STOP" or "QUIT".

## **PLAINTIFF MARTIN'S FACTUAL ALLEGATIONS**

19. Plaintiff Martin is the sole and customary user of cellular telephone number (XXX)-XXX-5312.

20. Plaintiff Martin's cellular telephone number, (XXX)-XXX-5312, is a personal telephone number and is not used for business purposes.

21. Plaintiff Martin's cellular telephone (XXX)-XXX-5312 has been on the National Do-Not-Call Registry since 2003.

---

[1] *See* https://www.whois.com/whois/elitepowercbd.com (last accessed August 10, 2022).

3

22. Plaintiff Martin received Defendant's text messages described herein.

23. On January 7, 2022 at 7:19am, Mr. Martin received the text message shown below from (217) 414-5831:



24. When Mr. Martin clicked the link "tastefiction.com/FziLo6L", he was redirected to another website[2] that, promoted Defendant's "Power CBD Oil" product and attributed that product to Dr. Oz (likely amounting to the infringement of third-party intellectual property rights):

---

2

https://securedoctors.com/cbd?s1=CBD1223vaae2ATT&s3=sc_19941%2Clcat_1641560957&s4=15932&s5=31320
45369%2C4328809552%2C6123969811%2C7138595312%2C4056134555%2C2143436986%2C7706552547

4





25.     Upon information and belief, this website was used by Defendant and/or Defendant's agents to drive consumers to Defendant's website that advertises Defendant's "Power CBD Oil" product.

26.     The website included various links that when clicked redirected to Defendant's

elitepowercbd.com website that advertised the "Power CBD Oil" product[3]:



27.    On January 12, 2022 at 10:08pm, Mr. Martin received the text message shown below from (681) 307-1133:



---

3

https://secure.elitepowercbd.com/us/t/v1/index.php?AFFID=AFL&C1=10473&C2=CBD1223vaae2ATT&C3=4479
94739

28.     When Mr. Martin clicked the link contained in the text message, he was again redirected to a website (similar to the one shown above) that, promoted a "Power CBD Oil" product and attributed that product to Dr. Oz.

29.     Upon information and belief, the website was used by Defendant and/or Defendant's agents to drive consumers to Defendant's website that advertises Defendant's "Power CBD Oil" product.

30.     When Mr. Martin clicked one of the links in the text of the website, he was redirected to Defendant's elitepowercbd.com website that advertised the "Power CBD Oil" product.

31.     On January 16, 2022 at 4:02am, Mr. Martin received the text message shown below from (804) 998-8871:



32.     When Mr. Martin clicked the link contained in the text message, he was again redirected to a website (similar to the one shown above) that, promoted a "Power CBD Oil" product and attributed that product to Dr. Oz.

33.     Upon information and belief, the website was used by Defendant and/or Defendant's agents to drive consumers to Defendant's website that advertises Defendant's "Power CBD Oil" product.

34.     When Mr. Martin clicked one of the links in the text of the website, he was redirected to Defendant's elitepowercbd.com website that advertised the "Power CBD Oil" product.

35.     On January 16, 2022 at 7:46am, Mr. Martin received the text message shown below from (318) 309-6768:



36.     When Mr. Martin clicked the link contained in the text message, he was again

redirected to a website (similar to the one shown above) that, promoted a "Power CBD Oil" product and attributed that product to Dr. Oz.

37.     Upon information and belief, the website was used by Defendant and/or Defendant's agents to drive consumers to Defendant's website that advertises Defendant's "Power CBD Oil" product.

38.     When Mr. Martin clicked one of the links in the text of the website, he was redirected to Defendant's elitepowercbd.com website that advertised the "Power CBD Oil" product.

39.     On January 16, 2022 at 10:34am, Mr. Martin received the text message shown below from (854) 854-2180:



40.     When Mr. Martin clicked the link contained in the text message, he was again redirected to a website (similar to the one shown above) that, promoted a "Power CBD Oil" product and attributed that product to Dr. Oz.

41.     Upon information and belief, the website was used by Defendant and/or Defendant's agents to drive consumers to Defendant's website that advertises Defendant's "Power CBD Oil" product.

42.     When Mr. Martin clicked one of the links in the text of the website, he was redirected to Defendant's elitepowercbd.com website that advertised the "Power CBD Oil" product.

43.     On January 19, 2022 at 8:44pm, Mr. Martin received the text message shown below from (205) 201-3548:



44.     When Mr. Martin clicked the link contained in the text message, he was again redirected to a website (similar to the one shown above) that, promoted a "Power CBD Oil"

product and attributed that product to Dr. Oz.

45.     Upon information and belief, the website was used by Defendant and/or Defendant's agents to drive consumers to Defendant's website that advertises Defendant's "Power CBD Oil" product.

46.     When Mr. Martin clicked one of the links in the text of the website, he was redirected to Defendant's elitepowercbd.com website that advertised the "Power CBD Oil" product.

47.     On January 19, 2022 at 11:49pm, Mr. Martin received the text message shown below from (401) 297-4780:



48.     When Mr. Martin clicked the link contained in the text message, he was again redirected to a website (similar to the one shown above) that, promoted a "Power CBD Oil"

11

product and attributed that product to Dr. Oz.

49.     Upon information and belief, the website was used by Defendant and/or Defendant's agents to drive consumers to Defendant's website that advertises Defendant's "Power CBD Oil" product.

50.     When Mr. Martin clicked one of the links in the text of the website, he was redirected to Defendant's elitepowercbd.com website that advertised the "Power CBD Oil" product.

51.     On January 20, 2022 at 1:17am, Mr. Martin received the text message shown below from (234) 804-1597:



52.     When Mr. Martin clicked the link contained in the text message, he was again redirected to a website (similar to the one shown above) that, promoted a "Power CBD Oil" product and attributed that product to Dr. Oz.

53.     Upon information and belief, the website was used by Defendant and/or

Defendant's agents to drive consumers to Defendant's website that advertises Defendant's "Power CBD Oil" product.

54.     When Mr. Martin clicked one of the links in the text of the website, he was redirected to Defendant's elitepowercbd.com website that advertised the "Power CBD Oil" product.

55.     On January 20, 2022 at 8:49pm, Mr. Martin received the text message shown below from (681) 287-2920:



56.     When Mr. Martin clicked the link contained in the text message, he was again redirected to a website (similar to the one shown above) that, promoted a "Power CBD Oil" product and attributed that product to Dr. Oz.

57.     Upon information and belief, the website was used by Defendant and/or Defendant's agents to drive consumers to Defendant's website that advertises Defendant's "Power

CBD Oil" product.

58. When Mr. Martin clicked one of the links in the text of the website, he was redirected to Defendant's elitepowercbd.com website that advertised the "Power CBD Oil" product.

59. On January 20, 2022 at 10:37pm, Mr. Martin received the text message shown below from (253) 518-5721:



60. When Mr. Martin clicked the link contained in the text message, he was again redirected to a website (similar to the one shown above) that, promoted a "Power CBD Oil" product and attributed that product to Dr. Oz.

61. Upon information and belief, the website was used by Defendant and/or Defendant's agents to drive consumers to Defendant's website that advertises Defendant's "Power CBD Oil" product.

62. When Mr. Martin clicked one of the links in the text of the website, he was redirected to Defendant's elitepowercbd.com website that advertised the "Power CBD Oil"

product.

63.    On January 22, 2022 at 7:56am, Mr. Martin received the text message shown below from (412) 315-4601:



64.    On January 22, 2022 at 8:28pm, Mr. Martin received the text message shown below from (808) 469-2841:



65.    When Mr. Martin clicked the link contained in the text message, he was again

15

redirected to a website (similar to the one shown above) that, promoted a "Power CBD Oil" product and attributed that product to Dr. Oz.

66.     Upon information and belief, the website was used by Defendant and/or Defendant's agents to drive consumers to Defendant's website that advertises Defendant's "Power CBD Oil" product.

67.     When Mr. Martin clicked one of the links in the text of the website, he was redirected to Defendant's elitepowercbd.com website that advertised the "Power CBD Oil" product.

68.     On January 23, 2022 at 5:21pm, Mr. Martin received the text message shown below from (580) 563-7572:



69.     When Mr. Martin clicked the link contained in the text message, he was again redirected to a website (similar to the one shown above) that, promoted a "Power CBD Oil" product and attributed that product to Dr. Oz.

16

70.     Upon information and belief, the website was used by Defendant and/or Defendant's agents to drive consumers to Defendant's website that advertises Defendant's "Power CBD Oil" product.

71.     When Mr. Martin clicked one of the links in the text of the website, he was redirected to Defendant's elitepowercbd.com website that advertised the "Power CBD Oil" product.

72.     On January 24, 2022 at 1:45am, Mr. Martin received the text message shown below from (304) 282-4912:



73.     When Mr. Martin clicked the link contained in the text message, he was again redirected to a website (similar to the one shown above) that, promoted a "Power CBD Oil" product and attributed that product to Dr. Oz.

74.     Upon information and belief, the website was used by Defendant and/or Defendant's agents to drive consumers to Defendant's website that advertises Defendant's "Power CBD Oil" product.

75.     When Mr. Martin clicked one of the links in the text of the website, he was redirected to Defendant's elitepowercbd.com website that advertised the "Power CBD Oil" product.

76.     On January 24, 2022 at 2:04am, Mr. Martin received the text message shown below from (907) 302-8076:



77.     When Mr. Martin clicked the link contained in the text message, he was again redirected to a website (similar to the one shown above) that, promoted a "Power CBD Oil" product and attributed that product to Dr. Oz.

78.     Upon information and belief, the website was used by Defendant and/or Defendant's agents to drive consumers to Defendant's website that advertises Defendant's "Power CBD Oil" product.

79.     When Mr. Martin clicked one of the links in the text of the website, he was redirected to Defendant's elitepowercbd.com website that advertised the "Power CBD Oil" product.

80.     On January 24, 2022 at 3:43am, Mr. Martin received the text message shown below from (406) 202-6881:



81.     When Mr. Martin clicked the link contained in the text message, he was again redirected to a website (similar to the one shown above) that, promoted a "Power CBD Oil" product and attributed that product to Dr. Oz.

82.     Upon information and belief, the website was used by Defendant and/or Defendant's agents to drive consumers to Defendant's website that advertises Defendant's "Power CBD Oil" product.

83.     When Mr. Martin clicked one of the links in the text of the website, he was redirected to Defendant's elitepowercbd.com website that advertised the "Power CBD Oil" product.

84.     Mr. Martin never provided prior express written consent (or any consent) to Defendant for these text messages.

**<u>DEFENDANT'S LIABILITY</u>**

85.     The TCPA prohibits making multiple telephone solicitation calls[4] to a telephone

---

[4] Although the TCPA does not define a "call," the FCC has interpreted the TCPA to encompass both voice calls and text calls or text messaging.  *See In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.Rcd. 14014, 14115 (July 3, 2003).  Federal courts up to and including the Supreme Court have endorsed the FCC's regulation that the TCPA applies to text messages.  *See, e.g., Campbell-Ewald v. Gomez*, 577 U.S. 153, 156 (2016).

number on the National Do Not Call Registry.  *See* 47 U.S.C. § 227(c)(5).

86. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

87. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

88. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted.  47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

89. Defendant repeatedly violated this rule by placing telephone solicitations to telephone numbers on the National Do-Not-Call registry, including Plaintiff's number.

90. In addition, the TCPA prohibits initiating telephone solicitations "before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location)."

91. Defendant repeatedly violated this rule by placing telephone solicitation to Mr. Martin between the hours of 9:00 p.m. and 8:00 a.m. local time.

92. For violations of 47 C.F.R. § 64.1200(c), Plaintiff is entitled to $500 per text message.

93. Plaintiff is entitled to $1,500 per text message if Defendant's actions are found to be knowing or willful.

94. Plaintiff has suffered concrete harm because of Defendant's unwanted and unsolicited telemarketing text messages, including, but not limited to:

20

- Device storage;

- Data usage;

- Lost time tending to and responding to the unsolicited text messages;

- Invasion of Privacy; and

- Nuisance.

95. These forms of actual injury are sufficient for Article III standing purposes.

## CLASS ACTION ALLEGATIONS

96. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of the "DNC Class" and "Time Class" (together, "the Classes") as defined as follows:

> Plaintiff and all persons within the United States (1) to whose telephone number Defendant placed (or had placed on its behalf) two or more text messages, (2) from four years prior to the filing of the Compliant to the date of certification, (3) for the purpose of encouraging the purchase of Defendant's CBD Oil Products (4) in a 12-month period (5) when the telephone number to which the text messages were sent was on the National Do-Not-Call Registry at the time of the messages.

> (the "DNC Class")

> Plaintiff and all persons within the United States (1) to whose telephone number Defendant placed (or had placed on its behalf) two or more text messages, (2) from four years prior to the filing of the Compliant to the date of certification, (3) between the hours of 9:00pm and 8:00am local time, (4) for the purpose of encouraging the purchase of Defendant's CBD Oil Products (5) in a 12-month period.

> (the "Time Class")

97. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

98.     The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

99.     The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant and third parties maintain written and electronically stored data showing:

a.  The time period(s) during which Defendant placed its text messages;

b.  The telephone numbers to which Defendant placed its text messages;

c.  The telephone numbers for which Defendant had prior express written consent;

d.  The purposes of such text messages;

e.  The names and addresses of Class members.

100.    The Classes are comprised of hundreds, if not thousands, of individuals nationwide.

101.    There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

a.  Whether Defendant sends telemarketing text messages or has them sent on its behalf;

b.  Whether Defendant obtains prior express written consent;

c.  Whether Defendant or the entity with which it contracts to send its messages sends solicitation text messages to telephone numbers registered on the National Do-Not-Call Registry;

d.  Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violations; and

e.  Whether Defendant should be enjoined from engaging in such conduct in the future.

102.    Plaintiff is a member of the Classes in that Defendant placed two or more texts for telemarketing purposes in a one-year period to his telephone number when his telephone number was on the National Do-Not-Call Registry, and certain of the text messages were received after 9:00pm and before 8:00am.

103.    Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

104.    Plaintiff and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to Defendant's unwanted text messages, lost space on their devices, and suffered a nuisance and an invasion of their privacy.

105.    Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

106.    Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent themselves and the Classes.

107.    Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

108.    The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

109.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

110.    Common questions will predominate, and there will be no unusual manageability issues.

23

### FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)
### (On Behalf of Plaintiff and DNC Class)

111.     Plaintiff and the proposed DNC Class incorporate the foregoing allegations as if fully set forth herein.

112.     Defendant sent, or had sent on its behalf, text messages constituting telephone solicitations to Plaintiff's and DNC Class Members' telephone numbers.

113.     Plaintiff's and DNC Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the text messages.

114.     Plaintiff and DNC Class Members each received two or more such text messages in a 12-month period.

115.     Plaintiff and DNC Class Members are entitled to an award of $500 in statutory damages for each text message pursuant to 47 U.S.C. § 227(c)(5).

116.     Plaintiff and DNC Class Members are entitled to an award of treble damages in an amount up to $1,500 for each text message made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

### SECOND CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(1)
### (On Behalf of Plaintiff and the Time Class)

117.     Plaintiff and the proposed Time Class incorporate the foregoing allegations as if fully set forth herein.

118.     Defendant sent, or had sent on its behalf, text messages constituting telephone solicitations to Plaintiff's and Time Class Members' telephone numbers.

119.     Plaintiff and Time Class Members each received two or more such text messages in a 12-month period.

120.     Plaintiff and Time Class Members each received a message after 9:00 p.m. but before 8:00 a.m.

121.     Plaintiff and Time Class Members are entitled to an award of $500 in statutory damages for each text message pursuant to 47 U.S.C. § 227(c)(5).

122.     Plaintiff and Time Class Members are entitled to an award of treble damages in an amount up to $1,500 for each text message made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.     An order certifying the Classes as defined above, appointing Plaintiff as the representative of the Classes and appointing their counsel as Class Counsel;

B.     An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227(c);

C.     An order declaring that Defendant's actions, as set out above, violate 47 C.F.R. 64.1200(c)(1) and (c)(2);

D.     An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

E.     An award of statutory damages;

F.     An award of treble damages;

G.     An award of reasonable attorneys' fees and costs; and

H.     Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** August 18, 2022

**Plaintiff, by Counsel:**

/s/ Michael T. Ramsey
Michael T. Ramsey
**SHEEHAN AND RAMSEY, PLLC**
429 Porter Ave.
Ocean Springs, MS 39564
(228) 875-0572
(228) 875-0895
Mike@SheehanRamsey.com
MS Bar No. 104978

AND

Max S. Morgan, Esquire
Eric H. Weitz, Esquire
**THE WEITZ FIRM, LLC**
1528 Walnut Street, 4th Floor
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
eric.weitz@theweitzfirm.com
(*Pro Hac Vice* to be filed)