UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| ANDREW MARTIN, *on behalf of himself and all others similarly situated*,<br><br>*Plaintiff*,<br><br>v.<br><br>**KHAYLIE HAZEL YEARNING LLC,**<br><br>*Defendant.* | Civil Case No.: 3:22CV176-SA-JMV<br><br>CLASS ACTION |

**PLAINTIFF'S MEMORANDUM OF LAW UN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT CLASS CERTIFICATION AND DAMAGES DISCOVERY**

Plaintiff Andrew Martin ("Plaintiff"), on behalf of himself and the proposed classes, respectfully moves this Court for leave to conduct class certification and damages related discovery against Defendant, Khaylie Hazel Yearning LLC ( "KHY") for its violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). In support, Plaintiff states as follows:

**I.    BACKGROUND AND PROCEDURAL POSTURE**

On August 18, 2022, Plaintiff filed a class action complaint against Defendant Khaylie Hazel Yearning LLC ("Defendant") [Dkt. No. 1]. In the complaint, Plaintiff asserts two claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227. The first claim is for violation of the TCPA's prohibition against making two or more solicitation calls in a 12-month period to telephone numbers registered on the National Do Not Call Registry for mor than thirty (30) days. The second claim is for violation of the TCPA's prohibition against making telephone solicitations after 9:00pm but before 8:00am. Pursuant to Federal Rules 23(b)(2) and 23(b)(3), Plaintiff seeks to certify Classes of similarly situated consumers in connection with both claims.

On September 19, 2022, Plaintiff effected service of process on Defendant. [*See* Dkt. No. 4]. Accordingly, Defendant was required to respond to the complaint by October 10, 2022. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). However, Defendant failed to respond to the complaint, appear in the action, or otherwise indicate that it intended to defend the action.

On October 18, 2022, eight days after Defendant was required to respond to the complaint, Plaintiff moved for entry of a clerk's default. [Dkt. No. 5]. On October 19, 2022, the clerk entered a default as to Defendant. [Dkt. No. 6]. As a result of Defendant's default, Plaintiff now requests that the Court grant Plaintiff leave to conduct class discovery to identify members of the Classes and determine the amount of damages they are entitled to. Plaintiff is in need of discovery so that the Court can first make determination on class certification pursuant to Fed. R. Civ. P. 23(a) and (b)(3), and then enter an appropriate default judgment against KHY. Due to the nature of TCPA violations, there is a strong likelihood that Plaintiff will satisfy the requirements of Rule 23. Because the measure of damages ultimately awarded by the Court will be dictated, in part, by the Court's ruling on class certification, Plaintiff seeks the foregoing relief so that he may provide the Court the necessary and sufficient information to enter a final default judgment.

## II. ARGUMENT

### A. The Court Should Grant Leave to Conduct Class Certification and Damages Discovery

"The party seeking class certification bears the burden of meeting all the Rule 23 requirements." *Langbecker v. Electronic Data Systems Corp.*, 476 F.3d 299, 306 (5th Cir. 2007) (citing *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479-80 (5th Cir. 2001)). Before the Court may certify a class, the plaintiff must demonstrate four prerequisites: numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a). Once these

prerequisites are met, the plaintiff must show that the action qualifies under at least one of the three categories of Rule 23(b).

"A Court should not certify a class simply because the motion to certify is unopposed or the complaint unanswered." *Moore v. Int'l Filing Co., LLC*, No. 2:10-cv-0086-KS-MTP, 2010 U.S. Dist. LEXIS 82495, at *5 (S.D. Miss. July 8, 2010) (certifying class after clerk entered default); *Davis v. Hutchins*, 321 F.3d 641, 648-49 (7th Cir. 2003) (finding that despite general principle that complaint's allegations are deemed admitted upon default, court still has independent duty to determine if Rule 23 requirements have been met). Certification under Rule 23 remains a necessary procedural requirement for the class to recover damages. The prerequisites imposed by Rule 23 serve "the important function of protecting absent class members whose rights may be affected by the class certification." *Davis,* 321 F.3d at 649 (citing *Davis v. Romney*, 490 F.2d 1360, 1366 (3d Cir. 1974)). As such, "relief cannot be granted to a class before an order has been entered determining that class treatment is proper." *Romney*, 490 F.2d at 1366.

In cases in which the District Court enters a default judgment against a defendant and where no class has been certified, the Court's authority is limited to entering a default judgment in favor of the individual named plaintiffs only. *See Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 340 (4th Cir. 2006). However, in such cases, courts have repeatedly granted representative Plaintiff's leave to conduct discovery in support of Class Certification and in furtherance of an ultimate default judgment. *See Trull v. Plaza Assocs.*, 1998 U.S. Dist. LEXIS 14195 (N.D. Ill. Sept. 1, 1998), *see also Turner v. Coyote's on the Boulevard, Inc.*, Case No. 08-61072-CIV-MARRA (S.D. Fla. June 12, 2009); and *Whitaker v. Bennett Law, PLLC*, No. 13-CV-3145-L NLS, 2014 WL 5454398 (S.D. Cal. Oct. 27, 2014).

In the instant action, the putative Classes[1] consists of individuals who were unlawfully targeted by Defendant with unsolicited "robo-text message" advertisements. Specifically, the putative Classes consists of:

> Plaintiff and all persons within the United States (1) to whose telephone number Defendant placed (or had placed on its behalf) two or more text messages, (2) from four years prior to the filing of the Compliant to the date of certification, (3) for the purpose of encouraging the purchase of Defendant's CBD Oil Products (4) in a 12-month period (5) when the telephone number to which the text messages were sent was on the National Do-Not-Call Registry at the time of the messages
>
> (the "DNC Class").
>
> Plaintiff and all persons within the United States (1) to whose telephone number Defendant placed (or had placed on its behalf) two or more text messages, (2) from four years prior to the filing of the Compliant to the date of certification, (3) between the hours of 9:00pm and 8:00am local time, (4) for the purpose of encouraging the purchase of Defendant's CBD Oil Products (5) in a 12-month period
>
> (the "Time Class").

[Dkt. 1 at 21].

Before the Court can enter a default judgment in favor of the Class, it must first find that the following four requirements of Rule 23(a) have been met: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the class representatives are typical of the claims or defenses of the other class members; and (4) the class representatives are able to protect the interest of the class fairly and adequately. FED. R. CIV. P. 23(a).

Here, while elements 2-4 can largely be met based on Plaintiff's uncontested allegations and the face of the fact of the subject unlawful robo-text messages, factual evidence on the

---

[1] Plaintiff reserves the right to amend the Class definitions upon the completion of discovery.

numerosity element is needed for the Court, as it directly impacts both class certification and the corresponding measure of damages. Moreover, Defendant's (or its third-party agent's) call log identifying the members in the Classes is also needed for notice and administrative feasibility purposes. Defendant and/or its contracted third-party agent who transmitted the unlawful "robo-text messages" is in possession of this information. Once the requisite information is obtained from Defendant (or its agent), Plaintiff will be able to demonstrate to the Court that the class is so numerous that joinder of all members is impracticable, and that a judgment in favor of the Classes is otherwise administratively feasible. *See Whitaker v. Bennett Law*, PLLC, No. 13-CV-3145-L NLS, 2014 WL 5454398 (S.D. Cal. Oct. 27, 2014) (where the plaintiff was given leave of Court to conduct discovery or otherwise obtain support for his motion for class certification after the defendant failed to make an appearance in a TCPA action).

Plaintiff, upon information and belief, anticipates that the Class will consists of hundreds, if not thousands of Class Members. Because Defendant refused to respond to the Complaint or otherwise participate in this litigation, Plaintiff has been prevented from conducting discovery. Thus, a Court ruling on class certification or default judgment is not ripe at this time and the Court should allow Plaintiff sufficient time to engage in discovery.

### B. This Court Should Reserve Jurisdiction on Damages

Because the Court must evaluate the measure of statutory damages entitled to the Classes, it is appropriate for the Court to permit discovery and ultimately conduct a hearing as necessary to conduct an accounting prior to entering judgment. *See* Fed. R. Civ. P. 55(b)(2). It would be wholly inequitable and unfairly prejudicial for Defendant to escape liability and reap an unjust benefit by refusing to participate in this litigation. Such a result would be contrary to public policy and run

afoul the relief and protections afforded pursuant to Rule 23. Further, it would encourage other defendants in TCPA class actions to simply ignore the action altogether to escape liability.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an Order as follows:

1. That Leave of Court is granted to conduct Class Certification and damages related discovery, including third-party discovery as necessary;

2. That the Court reserves jurisdiction on the issue of damages and to otherwise reserve ruling on a final damages determination; and

3. That Plaintiff be permitted to seek a default judgment, both as to the individual Plaintiff and the putative Classes, upon completion of Class Certification and damages discovery.

Dated: October 18, 2022

**Plaintiff, by Counsel**:

/s/ Michael T. Ramsey
Michael T. Ramsey
SHEEHAN AND RAMSEY, PLLC
429 Porter Avenue
Ocean Springs, MS 39564
(228) 875-0572
(228) 875-0895
mike@sheehanramsey.com
MS Bar No. 104978

AND

Max S. Morgan, Esq.
Eric H. Weitz, Esq.
THE WEITZ FIRM, LLC
1515 Market Street #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 698-0875
max.morgan@theweitzfirm.com
eric.weitz@theweitzfirm.com
(*pro hac vice* to be filed)