IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ANDREW MARTIN ON BEHALF OF HIMSELF
AND ALL OTHERS SIMILARLY SITUATED                                        PLAINTIFF

VS.                                         CIVIL ACTION NO.: 3:22-CV-176-SA-JMV

KHAYLIE HAZEL YEARNING LLC                                               DEFENDANT

### ORDER REQUIRING SUPPLEMENTAL BRIEFING

Before the Court is the Plaintiff's motion for leave to conduct class certification and damages discovery [7]. For the reasons explained below, the Court finds that supplemental briefing shall be and is hereby required.

The complaint in this proposed class action was filed on August 18, 2022. In the complaint, Plaintiff asserts two claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of himself and other similarly situated consumers. According to the summons, the Defendant was served on or about September 19, 2022. Defendant, Khaylie Hazel Yearning LLC, has failed to appear in this action, and the clerk has entered default against it.

Federal Rule of Civil Procedure 26(d) governs the timing of discovery and provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Courts considering whether to open discovery before the Rule 26(f) conference typically ask whether there is good cause to justify such early discovery. *Slaughter v. Jamestown Tn Med. Ctr., Inc.*, 2020 WL 12918327, at *1 (M.D. Tenn. Sept. 17, 2020). The burden for demonstrating good cause rests with the party seeking the expedited discovery. *Id.*

As the Court reasoned in *Slaughter*,

> Courts have found good cause to open discovery after entry of default where a plaintiff seeks information to ascertain the amount of damages to be assessed against the defaulting defendant. *Obeidallah*, 2018 WL 6715372, at *5; *see also Twitch Interactive, Inc. v. Johnson*, No. 16-cv-03404, 2017 WL 1133520, at *2 (N.D. Cal. Mar. 27, 2017) ("Good cause may also exist in cases where a defendant has failed to appear, resulting in the entry of default against the defendant, and the plaintiff is in need of evidence to establish damages."). In the putative class action context, good cause to permit discovery after entry of default has also been found where, "absent limited discovery to obtain information relevant to the issues of class certification and damages, [the plaintiff] cannot pursue his claims in this action. Since [the defendant] has not appeared in this action and is in default, [the plaintiff] is effectively precluded from engaging in a Rule 26(f) conference." *Sheridan v. Oak Street Mortg., LLC*, 244 F.R.D. 520, 522 (E.D. Wis. 2007).

*Slaughter*, 2020 WL 12918327, at *2 (M.D. Tenn. Sept. 17, 2020).

Here, Plaintiff asserts that discovery is necessary to obtain the information required to seek class certification under Fed. R. Civ. P. 23. Pl's Memo [8] at 4. Specifically, Plaintiff alleges that "factual evidence on the numerosity element is needed for the Court, as it directly impacts both class certification and the corresponding measure of damages." Plaintiff requests that this Court grant leave to conduct class certification and damages related discovery, including third-party discovery, as necessary. Plaintiff also requests leave to conduct damages discovery.

Having considered the motion and the applicable law, the Court finds that supplemental briefing is necessary. Plaintiff has specified that if he is allowed to proceed with class certification discovery, he intends to seek the Defendant's (or its third-party agent's) call log identifying the members in the proposed class. Pl's Memo [8] at 5. However, no other details as to what discovery Plaintiff intends to seek have been provided.

In order for the Court to satisfy itself that the discovery sought complies with the strictures of Fed. R. Civ. P. 26(b), the Court finds that Plaintiff shall be required to file a supplemental brief in support of its motion for discovery. Therein, Plaintiff is directed to provide the Court with an outline of the proposed discovery that it intends to seek from Defendant and/or its third-party agent

on the issues of numerosity and damages. Plaintiff is also directed to provide a timeline for discovery and the filing of any anticipated motions for class certification and default judgment. Plaintiff shall have ten (10) days from the date of entry of this Order to file his supplemental brief in support of the motion for leave to conduct class certification and damages discovery [7].

 SO ORDERED, THIS, the 7th day of November, 2022.

/s/ Jane M. Virden
HONORABLE JANE M. VIRDEN
UNITED STATES MAGISTRATE JUDGE