IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ANDREW MARTIN ON BEHALF OF HIMSELF
AND ALL OTHERS SIMILARLY SITUATED            PLAINTIFF

VS.            CIVIL ACTION NO.: 3:22-CV-176-SA-JMV

KHAYLIE HAZEL YEARNING LLC            DEFENDANT

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO CONDUCT CLASS CERTIFICATION AND DAMAGES DISCOVERY

This matter is before the Court on motion of Plaintiff seeking leave to conduct class certification and damages discovery [7]. The Court has considered the motion, memorandum, Plaintiff's supplemental brief, and the applicable law, and is prepared to rule. For the reasons discussed below, the motion is granted in part and denied in part.

## PROCEDURAL HISTORY

By way of background, this is a Fed. R. Civ. P. 23 putative class action under the TCPA. In particular, Plaintiff seeks to have certified two nationwide classes certified as follows:

> Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of the "DNC Class" and "Time Class" (together, "the Classes") as defined as follows:
>
> Plaintiff and all persons within the United States (1) to whose telephone number Defendant placed (or had placed on its behalf) two or more text messages, (2) from four years prior to the filing of the Compliant to the date of certification, (3) for the purpose of encouraging the purchase of Defendant's CBD Oil Products (4) in a 12-month period (5) when the telephone number to which the text messages were sent was on the National Do-Not-Call Registry at the time of the messages. (the "DNC Class")
>
> Plaintiff and all persons within the United States (1) to whose telephone number Defendant placed (or had placed on its behalf) two or more text messages, (2) from four years prior to the filing of the Compliant to the date of certification, (3) between the hours of 9:00 pm and 8:00 am local time, (4) for the purpose of encouraging the purchase of Defendant's CBD Oil Products (5) in a 12-month period.

1

(the "Time Class")

Complaint [1] at 21.

The complaint was served on September 19, 2022, and was unanswered. Accordingly, entry of default [6] was made on October 19, 2022. Entry of default, however, does not cut off Plaintiff's right to pursue certification of a class(es) under Fed. R. Civ. P. 23. *See McAllister v. Lake City Credit, LLC*, No. 1:22-CV-41-SA-DAS, 2022 WL 14809822, at *2 (N.D. Miss. Oct. 25, 2022).

## LAW AND ANALYSIS

Plaintiffs seeking to certify a class must make certain showings under Rule 23(a): (1) numerosity, (2) commonality of issues, (3) typicality of the class representatives' claims in relation to the class, and (4) adequacy of the class representatives and their counsel to represent the class. *Ahmad v. Old Republic Nat'l Title Ins. Co.*, 690 F.3d 698, 702 (5th Cir. 2012) (citing Fed. R. Civ. P. 23(a)). In addition to Rule 23(a)'s four requirements, a plaintiff must also satisfy the requirements of Rule 23(b)(1), (2), *or* (3). *M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 837 (5th Cir. 2012) Plaintiff contends that Rule 23(b)(3) is applicable here. That Rule provides:

> **(b) Types of Class Actions.** A class action may be maintained if Rule 23(a) is satisfied and if:
> ...
> **(3)** the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
> **(A)** the class members' interests in individually controlling the prosecution or defense of separate actions;

2

>**(B)** the extent and nature of any litigation concerning the controversy already begun by or against class members;
>**(C)** the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>**(D)** the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

In the instant case, according to Plaintiff, for purposes of having the proposed classes certified, factual development, and therefore, discovery, is needed only as concerns one of the four factors listed in Rule 23(a), namely, numerosity.[1]

Plaintiff's right to conduct some discovery for purposes of establishing entitlement to certification of a class is well recognized in this circuit. *See Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982), finding at the precertification stage, "as in all discovery matters, the district court has broad discretion in limiting the scope of discovery." *Id.* The Fifth Circuit has emphasized that in most cases, "a certain amount of discovery is essential in order to determine the class action issue and the proper scope of a class action." *Id.* (citing *Pittman v. E.I. duPont de Nemours & Co., Inc.*, 552 F.2d 149, 150 (5th Cir. 1977)).

---

[1] Rule 23(a)(1) allows a class action to be maintained if the class is so numerous that joinder of all members is impracticable. Rule 23's numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations. *General Tel. Co. of the Northwest, Inc. v. Equal Employment Opportunity Commission,* 446 U.S. 318, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980). To satisfy the numerosity prong, "a plaintiff must ordinarily demonstrate some evidence or reasonable estimate of the number of purported class members," and some courts have denied class certification in which the plaintiffs included fewer than 45 people. *Zeidman v. J. Ray McDermott & Co., Inc.,* 651 F.2d 1030, 1038 (5th Cir. 1981). However, Courts have also held that relatively small amounts of plaintiffs can also satisfy the numerosity requirement and Courts in the Fifth Circuit have not required evidence of exact class size or identity of class members to satisfy the numerosity requirement and there is no set number above or below which a class is considered to have or have not satisfied the numerosity requirement. *See Mullen v. Treasure Chest Casino,* 186 F.3d 620 (5th Cir. 1999).

In light of Rule 23's mandate to determine class certification at "an early practicable time," the district court must be permitted to limit precertification discovery to "evidence that, in its sound judgment, would be helpful or necessary to the certification decision." *Id.* (citing *Cruz v. Estelle*, 497 F.2d 496, 499 (5th Cir. 1974)). Accordingly, district courts have routinely permitted precertification discovery of call lists and call data in TCPA class actions. *See, e.g., Thomas v. Fin. Corp. of Am.*, No. 3:19-cv-152-E-BK, 2019 WL 5157022, at *2 (N.D. Tex. Oct. 10, 2019) (finding information regarding call lists and call data in putative TCPA class action was relevant and proportional to class certification issues such as numerosity, commonality, and typicality).

Nevertheless, as discussed below, Plaintiff seeks discovery beyond that relevant and proportional to the issues pertinent to a decision on class certification. In particular, Plaintiff in his original motion and memorandum sought discovery of the identity of the members of the classes and to determine the amount of damages those identified members are entitled to recover. *See* [8] Memo at 2.

By way of supplement to his motion—made at the request of the Court—Plaintiff further states he intends to conduct the following additional discovery: (1) that aimed at identifying the persons who sent him the text messages described in the complaint; 2) the call logs of the persons who sent him the aforesaid text messages in order to ascertain the telephone numbers of potential class members; and 3) for purposes of computing each class member's damages, the number of text messages each potential class member received. *See* Supp. Br. [10] at 2.

Further elaborating on the discovery Plaintiff intends to seek, he explained that he intends to subpoena Keisha Merrit, the Manager and incorporator of Defendant, Khaylie Hazel Yearning LLC, for deposition (and to produce documents) on the subject of the identity of the person(s) or services that sent the text messages that are the subject of the complaint, and the relationship

4

between the Defendant and the various websites used to advertise Defendant's products (which websites were linked to in the texts Plaintiff received). *Id.* Plaintiff also asserts an intent to issue subpoenas to "various 3rd parties" who may have knowledge of the identity of persons who sent the text messages to Plaintiff. For example, Plaintiff explains he intends to issue subpoenas to domain registrars associated with various websites described above, including the website www.elitepowercbd.com. *Id.* Then, Plaintiff seeks to issue subpoenas to persons responsible for those websites in order to obtain information "pertaining to the text messages sent." *Id.*

Plaintiff also seeks to subpoena his own debit card service for merchant information related to a transaction initiated on the website www.elitepowercbd.com. *Id.* at 2-3. Finally, Plaintiff seeks to subpoena a "third-party affiliate network" for information related to the identity of persons that sent the text messages at issue. *Id.* at 3.

To begin, unless and until a class has been certified, discovery as to the damages such class might be entitled to is premature. Accordingly, Plaintiff is not permitted leave to conduct such discovery (except as might be relevant to his own individual claim for damages). Secondly, according to Plaintiff, for purposes of having the proposed classes certified, factual development, and therefore, discovery, is needed only as concerns one of the four factors listed in Rule 23(a), namely numerosity, and on the subject, generally, of "administrative feasibility." Therefore, no discovery except as to these factors will be permitted at this juncture.

For example, Plaintiff seeks to take discovery, as noted earlier, of the identity of the names and contact information of individual class members so as to send notices to them, but this is unnecessary at this juncture, as, again, no such class has been certified. On the other hand, as concerns the need for discovery on numerosity and administrative feasibility, each relevant to the class certification analysis, the court will permit delineated discovery as follows:

5

As to the Defendant:

1) A 30(b)(6) deposition pursuant to subpoena of Keisha Merrit, which lists in the subpoena the documents and topics requested, for the limited purpose of a) producing any call logs in her possession or that of the Defendant covering a two-year period prior to today, provided such call logs are related to the solicitation of sales or promotion of Defendants' CBD Oil products; b) discovering the identity and contact information of any 3rd party engaged on behalf of Defendant to solicit or promote sales of its CBD Oil products via telephone in the past two (2) years; and c) the types of information maintained by Defendant which could be reviewed to ascertain the identity and contact information of putative class members (for the past two years) and/or whether a person otherwise meets a purported class definition. For example, what, if any, information does Defendant have to reflect the time that solicitation calls by it or on its behalf were made concerning its CBD Oil products. And, for example, what information, if any, does the Defendant maintain concerning the name and/or address of any recipient of such solicitation.

As to third parties engaged by Defendant to promote by phone its CBD Oil products in the last two (2) years:

2) The Court will allow at this juncture up to five (5) subpoenas for production of a) their respective call logs as described above; and b) seeking an exemplar(s) or sample(s) of such information, if any, maintained by such third party that could be reviewed to ascertain whether a person meets a purported class definition and their identity. For example, an exemplar or sample of a document from which it might be ascertained what time solicitation/promotion calls as described above were made, and/or for

6

example, reflecting information from which the name and/or address of any recipient of such solicitation could be ascertained.

## CONCLUSION

For the reasons explained herein, the Plaintiff's motion for leave to conduct class certification discovery shall be and is hereby granted in part and denied in part. Plaintiff shall have **ninety (90) days from the date of this Order** to conduct the discovery outlined above. Plaintiff shall have thirty **(30) days after expiration of the discovery period** to file a motion for class certification.

**SO ORDERED, THIS**, the 9th day of December, 2022.

/s/ Jane M. Virden
HONORABLE JANE M. VIRDEN
UNITED STATES MAGISTRATE JUDGE

7